## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN WALSH, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| PCTEL, INC., M. JAY SINDER, CINDY | ) **FEDERAL SECURITIES LAWS** |
| ANDREOTTI, GINA HASPILAIRE, | ) |
| CYNTHIA KEITH, STEVEN LEVY, DAVID | ) JURY TRIAL DEMANDED |
| NEUMANN, and ANTHONY R. ROSSABI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Ryan Walsh ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against PCTEL, Inc. ("PCTEL" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Amphenol Corporation ("Amphenol").[1]

2.      On October 13, 2023, PCTEL entered into an Agreement and Plan of Merger (the "Merger Agreement") with Amphenol and Hilltop Merger Sub, Inc. The Merger Agreement provides that PCTEL stockholders will receive $7.00 in cash per share of Company

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

common stock in connection with the Proposed Transaction.

3.    The Company's corporate directors subsequently authorized the November 9, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.    It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.    For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for December 12, 2023.

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of PCTEL common stock.

10.     Defendant PCTEL is a Delaware corporation with its principal executive offices located at 471 Brighton Drive, Bloomingdale, Illinois 60108.  PCTEL's shares trade on the Nasdaq Global Select Market under the ticker symbol "PCTI."  PCTEL is a global provider of wireless technology solutions, including purpose-built Industrial Internet of Things ("IoT") devices, antenna systems, and test and measurement products.  The Company designs and manufactures precision antennas and industrial IoT devices that are deployed in small cells, enterprise Wi-Fi access points, fleet management and transit systems, and in equipment and devices for the Industrial IoT.  PCTEL's antenna portfolio includes Wi-Fi, Bluetooth, land mobile radio, tetra, global navigation satellite systems, cellular, industrial, scientific, medical, long range, and combination antenna solutions for use in public safety and military communications, utilities and energy, precision agriculture, smart traffic management, electric vehicle charging stations, passengers and cargo vehicles, forestry machinery, and off-road vehicles. Its Industrial IoT devices include access points, radio modules, sensor communication modules, and wireless communication sensors for use in utilities and smart grid, oil and gas,

manufacturing, logistics, industrial automation, smart metering, and asset tracking markets. The Company also offers radio frequency test and measurement products that enhance the performance of wireless networks.

11.     Defendant M. Jay Sinder is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12.     Defendant Cindy Andreotti is and has been a director of the Company at all times relevant hereto.

13.     Defendant Gina Haspilaire is and has been a director of the Company at all times relevant hereto.

14.     Defendant Cynthia Keith is and has been a director of the Company at all times relevant hereto.

15.     Defendant Steven Levy is and has been a director of the Company at all times relevant hereto.

16.     Defendant David Neumann is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

17.     Defendant Anthony R. Rossabi is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On October 13, 2023, the Company announced in relevant part:

BLOOMINGDALE, Ill.--(BUSINESS WIRE)--Oct. 13, 2023-- PCTEL, Inc. (Nasdaq: PCTI)( "PCTEL" or the "Company"), a leading global provider of wireless technology solutions, today announced that it has reached a definitive agreement to be acquired by Amphenol Corporation (NYSE: APH), one of the world's largest providers of high-technology interconnect, sensor and antenna solutions.

**Highlights:**

- Amphenol to acquire all outstanding shares of PCTEL

- Deal structured as an all cash transaction for total consideration of approximately $139.7 million

- PCTI stockholders to receive $7.00 per share in cash

- Deal subject to PCTEL stockholder approval and customary closing conditions

- PCTEL stockholders' meeting expected to be held before the end of Fiscal 2023

"Today marks an exciting milestone for PCTEL as we join forces with one of the world's leading antenna solutions companies in Amphenol," said David Neumann, Chief Executive Officer of PCTEL.  "Our team has done an excellent job of growing the business, establishing a leadership position in both antenna and test & measurement (T&M) innovation, and meeting our customers' strong global demand for high reliability applications.  Amphenol is a leading global provider of interconnect, sensor and antenna solutions.  Their sustained financial strength and unique entrepreneurial culture will create a valuable home for our employees around the world.  We look forward to the accelerated growth opportunities enabled by the combination of our two companies."

Jay Sinder, Chairman of PCTEL's Board of Directors, said, "This transaction follows a nearly yearlong strategic process that has been overseen and approved by the Board of Directors.  With this transaction, we are pleased to deliver cash value to our dedicated stockholders, find a well-aligned company culture for our valuable people, and position PCTEL to embark on its next phase of growth as part of an industry-leading corporation."

William J. Doherty, President, Communications Solutions Division of Amphenol Corporation added, "PCTEL and its employees are clear innovation leaders in the wireless technology solutions area, and will serve as an excellent addition to the Amphenol family.  We look forward to working closely with

them to leverage our existing international presence, dedicated customer base, and scale to take PCTEL's business to new and exciting heights."

**Transaction Summary**

Under the terms of the agreement, which was approved by PCTEL's Board of Directors, PCTEL stockholders will receive $7.00 in cash for each share of common stock they own. The purchase price represents a premium of over 50% to PCTEL's closing stock price on October 13, 2023, the last full trading day prior to the deal's announcement.

The transaction is expected to close in the fourth quarter of 2023 or early 2024, subject to customary closing conditions, including approval by PCTEL stockholders. Upon completion of the transaction, PCTEL will no longer be listed on any public market.

**Advisors**

Lake Street Capital Markets is serving as exclusive financial advisor and Morgan, Lewis & Bockius LLP is serving as legal counsel to PCTEL.

**The Materially Incomplete and Misleading Proxy Statement**

20.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on November 9, 2023  The Proxy Statement, which recommends that PCTEL stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) PCTEL's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Lincoln International LLC ("Lincoln"); (c) potential conflicts of interest faced by Lincoln, the Company's additional financial advisor Lake Street Capital Markets LLC ("Lake Street"), and Company insiders; and (d) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21.     The Proxy Statement fails to disclose material information concerning each of

the Company's financial forecasts, including PCTEL's forecasted unlevered free cash flows for fiscal years 2023 through 2028.[3]

22.    The Proxy Statement also fails to disclose the Company's August 2023 projections for fiscal years 2023 and 2024, as well as the late September and early October 2023 updates to those projections.[4]

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Lincoln***

23.    The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Lincoln.

24.    With respect to the *Discounted Cash Flow Analysis* performed by Lincoln, the Proxy Statement fails to disclose: (a) the Company's terminal year unlevered free cash flows; (b) the Company's terminal values; (c) the tax benefits anticipated to result from the Company's net operating losses; (d) the amount of the Company's cash and cash equivalents; (e) the amount of the Company's capital lease obligations; and (f) the Company's fully diluted outstanding shares.

25.    With respect to the *Selected Public Companies Analysis* and *Selected M&A Transactions Analysis* performed by Lincoln, the Proxy Statement fails to disclose: (a) the individual financial metrics for each of the selected companies and transactions analyzed by Lincoln, respectively; (b) the Company's 2023P EBITDA and 2024P EBITDA; (c) the tax

---

[3] Lincoln utilized these forecasts in preparing a *Discounted Cash Flow Analysis* in support of its fairness opinion in favor of the Proposed Transaction. *See* Proxy Statement at 41 ("Lincoln performed a discounted cash flow analysis of the projected unlevered free cash flows of the Company for the fiscal years 2023 through 2028"). If Lincoln utilized free cash flows as the basis of its *Discounted Cash Flow Analysis*, or the "free cash flows" set forth on page 46 of the Proxy Statement are "unlevered free cash flows," this must be clarified.

[4] *See id.* at 44.

benefits anticipated to result from the Company's net operating losses; (d) the amount of the Company's cash and cash equivalents; (e) the amount of the Company's capital lease obligations; and (f) the Company's fully diluted outstanding shares.

***Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting Lake Street and Company Insiders***

26.     The Proxy Statement fails to disclose material information concerning the potential conflicts of interest affecting Lake Street, including the compensation Lincoln received in connection with the prior financial advisory assignment.[5]

27.     The Proxy Statement further fails to disclose: (a) the compensation payable tp Lake Street in connection with its engagement; (b) Lake Street's compensation that is contingent upon consummation of the Proposed Transaction; and (c) whether Lake Street has performed any services for PCTEL, Amphenol, or their respective affiliates in the prior two years, and if so, a summary of the services performed and any compensation the Company received in connection with such services.

***Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction***

28.     The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether the confidentiality agreements entered into with certain parties identified in the Proxy Statement "don't ask, don't waive" standstill provisions currently precluding any party from submitting a topping bid for the Company.[6]

29.     The omission of the above-referenced information renders statements in the

---

[5] *See id.*

[6] *See id.* at 27-29.

"Forward-Looking Financial Information," "Financial Projections," "Opinion of Lincoln International LLC," "Interests of Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30.    Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PCTEL**

31.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. PCTEL is liable as the issuer of these statements.

33.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36.    The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37.    By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38.    Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.    The Individual Defendants acted as controlling persons of PCTEL within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of PCTEL and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly,

the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

43.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.    Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  November 14, 2023                    **LONG LAW, LLC**

                                                    By:  _/s/ Brian D. Long_
                                                          Brian D. Long (#4347)
                                                          3828 Kennett Pike, Suite 208
                                                          Wilmington, DE 19807
                                                          Telephone: (302) 729-9100
                                                          Email: BDLong@LongLawDE.com

                                                          *Attorneys for Plaintiff*